COURT 
OF APPEALS
                                       
SECOND DISTRICT OF TEXAS
                                                   
FORT WORTH
 
                                        
NO.  2-05-108-CR
 
ROBERT 
JOSEPH SCHLEICHER                                               
APPELLANT
 
                                                   
V.
 
THE 
STATE OF TEXAS                                                                
STATE
 
                                              
------------
 
            
FROM THE 367TH DISTRICT COURT OF DENTON 
COUNTY
 
                                              
------------
 
                                
MEMORANDUM 
OPINION[1]
 
                                              
------------
In 
two issues, Robert Joseph Schleicher argues that the trial court erred by 
failing to admonish him about the consequences of his guilty plea in violation 
of Texas Code of Criminal Procedure section 26.13(a)(5).  We affirm.

In 
his first issue, Schleicher complains that his conviction must be reversed 
because the trial court accepted his guilty plea before first admonishing him as 
required by article 26.13(a) of the Texas Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 26.13 
(Vernon Supp. 2005).  Specifically, 
he contends that the trial court failed to admonish him that he might be 
required to register as a sex offender as a result of his plea.  See id. art. 26.13(a)(5). 

Article 
26.13(d) states that the trial court may make the admonitions required by this 
article either orally or in writing.  
Id. art 26.13(d).  
Here, Schleicher received written admonitions prior to trial.  Furthermore, immediately before 
Schleicher entered his plea of guilty, the trial court inquired as to whether he 
understood the admonitions.  

Schleicher=s 
guilty plea to three counts of aggravated sexual assault and three counts of 
indecency with a child was preceded by the following exchange: 

The 
Court:  Another form that you were 
given to sign was an admonishment form.  
It also contains a list of rights and information relevant to your 
case.  Did you have a chance to go 
over that form with your attorney?
 
Defendant:  Yes, ma=am.
 
The 
Court:  And to ask him questions if 
you had any?
 
Defendant:  Yes, ma=am.
 
The 
Court:  Do you think you fully 
understand the information contained in that form?
 
Defendant:  Yes, ma=am.
 
The 
Court:  Do you have any questions of 
the court?

Defendant:  No, ma=am.
 
. 
. . .
The 
Court:  Sir, you=ve 
been notified here in open court of your rights; you have been notified through 
the plea papers that you=ve 
signed today of your rights.  Do you 
think that you fully understand your rights in this case?
 
Defendant:  Yes, ma=am.
 
The 
Court:  And do you believe you have 
made your decision to plead guilty intelligently, knowingly, and 
voluntarily?
 
Defendant:  Yes, ma=am.
 
Additionally, 
the State admitted into evidence a printed statutory admonition form signed by 
Schleicher and his attorney.  The 
form stated that Schleicher read and understood the admonitions contained in the 
form.  The form contained all of the 
statutorily required admonitions, including the warning that Schleicher may be 
obligated to register as a sex offender as a result of his plea.  See Tex. Code Crim. Proc. Ant. art. 
26.13(a).  Thus, we hold that the 
written admonition form admitted into evidence coupled with the trial 
court=s 
inquiry, satisfies the statutory requirement of art. 26.13, and we overrule 
Schleicher=s 
first issue.  


In 
his second issue, Schleicher contends that the trial court did not substantially 
comply with the admonition requirements of art 26.13.  Article 26.13(c) states that when a 
trial court admonishes a defendant, substantial compliance by the court is 
sufficient unless the defendant affirmatively shows that he was not aware of the 
consequences of his plea and that he was misled or harmed by the admonishment of 
the court. See Tex. Code Crim. 
Proc. Ann. art. 26.13(c).  
Because we held in the first issue that the trial court complied with the 
statutory requirements, we overrule Schleicher=s 
second issue.  Having overruled both 
of Schleicher=s 
issues, we affirm the trial court=s 
judgment.
 
 
PER 
CURIAM
 
PANEL 
F:    MCCOY, DAUPHINOT, and 
HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. 
R. App. P. 
47.2(b)
 
DELIVERED:  December 8, 2005
 




[1]See 
Tex. 
R. App. P. 47.4.